**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF INDIANA**

| | | |
|---|---|---|
| GERALYN KLEIN and BRANDON KLEIN, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 18-349 |
| | ) | |
| COUNTY OF LAKE, LAKE | ) | |
| COUNTY SHERIFF'S DEPARTMENT, | ) | |
| LAKE COUNTY SHERIFF JOHN BUNCICH in | ) | |
| his official capacity, SHERIFF'S DEPUTY | ) | |
| NICHOLAS MEDRANO individually and in his | ) | |
| official capacity, OFFICER J. VARGAS, | ) | |
| individually and in his official capacity, | ) | |
| OFFICER J. FISHER, LAKES OF THE FOUR | ) | |
| SEASONS, LAKES OF THE FOUR | ) | |
| SEASONS PUBLIC SAFETY DEPARTMENT, | ) | |
| LAKES OF THE FOUR SEASONS SERGEANT | ) | |
| KENNETH GREEN #3, individually and in his | ) | |
| official capacity SECURITY OFFICER JOHN | ) | |
| LATTA, individually and in his official capacity, | ) | |
| SECURITY OFFICER LARRY HUNT,individually) | | |
| and in his official capacity DIRECTOR OF | ) | |
| LAKES OF THE FOUR SEASONS PUBLIC | ) | |
| SAFETY CRAIG PHILIP, LAKES OF THE FOUR | ) | |
| SEASONS CHAMBER OF COMMERCE, INC., | ) | |
| LAKES OF THE FOUR SEASONS | ) | |
| PROPERTY OWNERS ASSOCIATION, INC | ) | |
| and UNKNOWN OFFICERS, | ) | |
| | ) | |
| Defendants. | ) | **JURY DEMANDED** |

**CIVIL COMPLAINT**

1

NOW COMES Plaintiffs, GERALYN KLEIN and BRANDON KLEIN, by and through their attorneys, The Walters Law Firm, complaining of the Defendants, LAKES OF THE FOUR SEASONS, LAKE COUNTY, LAKE COUNTY SHERIFF'S DEPARTMENT, LAKE COUNTY SHERIFF JOHN BUNCICH, SHERIFF'S DEPUTY NICHOLAS MEDRANO, OFFICER J. VARGAS, OFFICER J. FISHER, LAKES OF THE FOUR SEASONS PUBLIC SAFETY DEPARTMENT, LAKE OF THE FOUR SEASONS SERGEANT KENNETH GREEN #3,  SECURITY OFFICER JOHN LATTA, SECURITY OFFICER LARRY HUNT, DIRECTOR OF LAKES OF THE FOUR SEASONS PUBLIC SAFETY CRAIG PHILIP, THE LAKES OF THE FOUR SEASONS PROPERTY OWNERS ASSOCIATION, INC and UNKNOWN OFFICERS and in support thereof, states as follows:

## Introduction

1.  This is a civil action seeking damages against Defendants for committing acts under color of law, and depriving Plaintiff of rights secured by the Constitution and laws of the United States. In sum, over the course of hours Defendants, committed a series of unprovoked batteries against Plaintiffs and damage to their property.  In addition, after the beating and destruction of property, Defendants wrongfully instituted false charges against Plaintiff Geralyn Klein.

2

Plaintiffs have been harmed significantly by the unconstitutional acts of

Defendants.

## Jurisdiction and Venue

2. The jurisdiction of this court is invoked pursuant to the Civil Rights Act, 42

U.S.C., §1983, the Judicial Code, 28 U.S.C. §§ 1331 and 1343 (a); and the

Constitution of the United States. Venue is proper under 28 U.S.C. §1391 (b).

The events purported herein all occurred in the Northern District of Indiana. All

events pertinent to this case arose in the Northern District of Indiana.

## The Parties

3. At all times relevant to her involvement in this case, Plaintiff Geralyn Klein

(hereafter "Geralyn") was a United States citizen who resides in Crown Point,

Indiana.

4.  At all times relevant to his involvement in this case, Plaintiff Brandon Klein

(hereafter "Brandon") was a United States citizen who resides in Crown Point,

Indiana.

5. At all times relevant to his involvement in the case, Defendant Sheriff John

Buncich (hereafter "Buncich") was the present or former Sheriff of Lake

County. Defendant Buncich is sued his in his official capacity. At all times

3

relevant to the complained of incident, Defendant Buncich acted under the color of law.

6. At all times relevant to his involvement in this case, Defendant Sheriff's Deputy Nicholas Medrano (hereafter "Medrano") was a present or former employee of the Lake County Sheriff's Department. Defendant Medrano is sued here in his individual capacity. At all times relevant to the complained of incident, Defendant Medrano acted under the color of law.

7. At all times relevant to his involvement in this case, Officer J. Vargas (hereafter "Vargas") was a present or former employee of the Lake County Sheriff's Department. Defendant Vargas is sued in his individual capacity. At all times relevant to the complained of incident, Defendant Vargas acted under the color of law.

8. At all times relevant to his involvement in this case, Defendant Officer J. Fisher (hereafter "Fisher") was a present or former employee of the Lake County Sheriff's Department. Defendant Fisher is sued in his individual capacity. At all times relevant to the complained of incident, Defendant Fisher acted under the color of law.

9. At all times relevant to his involvement in this case, Defendant Kenneth Green (hereafter "Green") was a present or former employee of the Lakes of the Four

4

Seasons Public Safety Department.  Defendant Green is sued here in his

individual capacity. At all times relevant to the complained of incident,

Defendant acted as an agent of Defendant Medrano under the color of law.

10. At all times relevant to his involvement in this case, Defendant Security Officer

John Latta (hereafter "Latta") was a present or former employee of the Lakes of

the Four Seasons Public Safety Department. Defendant Latta is sued here in his

individual capacity. At all times relevant to the complained of incident,

Defendant acted as an agent of Defendant Medrano under the color of law.

11. At all times relevant to his involvement in this case, Defendant Security Officer

Larry Hunt (hereafter "Hunt") was a present or former employee of the Lakes of

the Four Seasons Public Safety Department. Defendant Hunt is sued here in his

individual capacity. At all times relevant to the complained of incident,

Defendant acted as an agent of Defendant Medrano under the color of law.

12. At all times relevant to his involvement in this case, Defendant Craig Philip

(herafter "Philip") was the present or former Director of the Lakes of the Four

Seasons Public Safety Department. Defendant Philip is sued here in his

individual capacity. At all times relevant to the complained of incident,

Defendant acted under the color of law.

13. At all times relevant to their involvement in this case, Defendant Unknown
    Officers were present or former employees of the Lake County Sheriff's
    Department.  Defendants are sued here in their individual capacity. At all times
    relevant to the complained of incident, Defendants acted under the color of law.

14. Upon information and belief, all Defendants are residents of Indiana.

### Background Facts

15. At the time of the incident, Geralyn was 60 years old  and lived in a gated
    community known commonly as Lakes of the Four Seasons, with her son
    Brandon, at 2387 Four Season Parkway, Crown Point, Indiana.

16. On September 18, 2016, at approximately 2:45 P.M., Brandon, Geralyn's son,
    came sprinting through their home and out the back door. After Brandon ran
    through the house Geralyn locked the back sliding door. , Geralyn then saw
    Defendant Medrano in the backyard enraged and red-faced. He attempted to
    open the door but Geralyn had already locked it.

17. After about five minutes, Geralyn grabbed her keys and phone and went out the
    front door to find out what was going on.

18. Geralyn saw Defendant Medrano coming back to the front of the house and she
    asked him what was going on. Defendant Medrano simply stated she was under
    arrest for interfering with police business. Geralyn asked him what she did

6

wrong but got no answer. Instead Defendant Medrano stated he was not like

Lake of the Four Seasons Security and that he was educated and the real deal.

19. Defendant Medrano kept asking where Brandon was and Geralyn told him that

Brandon ran out of the house and that was all she knew. Not liking her answer,

Defendant Medrano responded by telling Geralyn she was going to jail for a

long, long time.

20. Geralyn asked Defendant Medrano what she did wrong again, and once more

she got no answer from Defendant Medrano. Instead, Defendant Medrano

demanded Geralyn to hand over her cell phone and keys, to which she

complied.

21. Defendant Medrano again asked where Brandon was and again Geralyn told

him she had no idea.

22. At that point, Defendant Medrano told Geralyn to go stand by her vehicle and

put her hands behind her back, to which she complied. Defendant Medrano then

put her in handcuffs.

23. Immediately after, Defendant Medrano slammed Geralyn on top of her vehicle,

then picked her up and slammed her on top of her vehicle again.

24. Defendant Medrano then pulled Geralyn up, grabbed her arm and walked

briskly down the driveway. Then with all his might Defendant slammed Geralyn

into Brandon's mustang at the end of the driveway. Geralyn felt her arm pop as she fell to the ground.

25. Defendant Medrano then pulled Geralyn up from the ground by her blouse and with all his might again slammed her into the side of Brandon's mustang so hard that her body created a dent.

26. Geralyn lost her sight temporarily due to the beating and briefly could only see white. She worried that Defendant Medrano had broke her back and she lost all feeling in her arms, legs and back. After a while she regained her sight and in her body. She realized at this moment her arm, and not her back, had been broken.

27. Throughout the entire beating her hands were handcuffed behind her back which made the pain and distress even more excruciating.  Geralyn told Defendant Medrano that he broke her arm. Defendant Medrano replied that it was not broken. She asked how he could know without checking her arm. He stated that he used to be an EMT and knew because he was educated.

28. Defendant Medrano was still enraged. He was making phone calls and Geralyn heard him ask someone when they would be at the home.

29. Defendant Medrano then walked back over by Geralyn, looking at her feet and legs. Fearing that Defendant Medrano was going to start kicking her, Geralyn looked away and prayed someone would come soon.

30. After a few moments, Lake of the Four Seasons Security Officers, Defendants Green and Latta, came by. Defendant Green got out of the car, but did nothing to assist Geralyn, despite the fact that she had clearly been battered. Defendant Officer Latta never got out of his car. Then another Lake of the Four Seasons Officer, Defendant Hunt, arrived.

31. Instead of using Geralyn's keys to access her home, Defendant Medrano kicked in the door of her home and he and Defendant Green spent five minutes ransacking Geralyn's home, allegedly looking for Brandon. However, he searched areas and destroyed items where it would be impossible for a grown man to hide. Among the destroyed items were a Drexal chest and an armoire. Defendant Medrano further went into the garage and inexplicably took the cover off of a car parked in the garage and threw a ladder on top of it, causing scratches.

32. While Defendants Medrano and Green were in the home other officers showed up, including but not limited to Defendants Vargas and Fisher, and went into the

house. A female officer arrived, went over to Geralyn and asked her what happened and Geralyn told her.

33. Defendant Medrano then came back outside, while the other officers stayed inside, gave Geralyn her cell phone back and demanded that Geralyn call Brandon. She complied, but Brandon's phone went straight to voicemail. Defendant Medrano demanded her to call again. She complied but again got no answer.

34. Geralyn then called her son Garrett to let him know what had just occurred and that Defendant Medrano had threatened that she would go to jail for not telling him Brandon's whereabouts. She asked her son to check on her because she worried about what was going to happen next.

35. Defendant Medrano kept asking about Brandon's whereabouts, who his friends were, and that if she didn't give him the information she would go to jail for a very long time.

36. All the officers made a circle around Geralyn, who was still on the ground with her back on Brandon's car. The officers kept telling Geralyn to get up off the ground, but she told them that she could not get up because her arm was broken. The Officers laughed at Geralyn and accused her of faking. None of the officers

10

helped Geralyn get up off the ground. Someone called for an ambulance to assist Geralyn.

37. When the ambulance arrived, the EMTs insisted that she get up on her own and she also told them that she could not because of her arm. The EMT was able to get her up after he put her feet on his feet to provide leverage. Once Geralyn was standing, the EMT told her to walk to the ambulance which was parked down the street. Geralyn, carrying her arm and body shaking, had to walk down a swale and back up unassisted.

38. Once inside the ambulance she was taken to St. Anthony's Hospital. During the ride, Geralyn called her cousin Sue Woodward to meet her at the hospital. Sue arrived with her daughter Brianne Woodward.

39. The ER Doctors and Nurses called the police upon finding out that Geralyn had been battered, leading to her injuries.

40. Three days after the incident, on or about September 21, 2016, Geralyn found out by an attorney that there was a warrant out for her arrest published in a newspaper. The warrant, through an affidavit drafted by Officer Medrano, falsely stated that she fled, tripped and fell into her car. Defendant Green falsely stated in his report that he was there the entire time and corroborated Defendant

11

Medrano's story. She was very embarrassed as her peers and clients asked her

about it.

41. Geralyn had to pay an $800 bond as well as about $2500 for attorney's fees.

Geralyn was offered deferred prosecution with community service but she

refused to sign, as she had done nothing wrong. Geralyn went to court three or

four times before the charges were dismissed. Geralyn's favor.

**Causes of Action**

**COUNT I: 42 U.S.C. § 1983 – Excessive Force**
**Against Defendants Medrano, Lake County and the Lake County Sheriff's**
**Department**

42. Plaintiff realleges the above paragraphs as though fully set forth herein.

43. The actions of the Defendant Medrano constituted unreasonable, and excessive

force against Plaintiff, thus violating her rights under the Fourth Amendment to

the United States Constitution and 42 U.S.C. § 1983.

44. As a proximate result of the above-detailed actions of Defendant Medrano,

Plaintiff was injured, including severe pain, physical injury, mental suffering,

anguish, humiliation, and fear.

WHEREFORE, pursuant to 42 U.S.C. § 1983, Plaintiff demands judgment against the

Defendant for compensatory damages, punitive damages, the costs of this action and

attorneys' fees, and any such other and further relief as this Court deems equitable and

just.

12

**COUNT II: 42 U.S.C. § 1983 – Failure to Intervene**
**Against Defendant Green, Defendant Vargas, Defendant Fisher, Defendant Latta,**
**Defendant Hunt and Defendant Unknown Officers**

45. Plaintiff realleges each of the foregoing paragraphs as if fully set forth here.

46. The actions of the Defendants constituted unreasonable and excessive force against Plaintiff, thus violating her rights under the Fourth Amendment to the United States Constitution and 42 U.S.C. § 1983.

47. On or about September 18, 2016, Defendants Officers failed to intervene after individual Defendant Medrano used excessive force against Geralyn, as alleged above, even though there was no probable cause to believe that she was a threat to the Defendants or anyone else.

48. As a proximate result of the above-detailed actions of Defendants, Plaintiff was injured, including severe pain, physical injury, mental suffering, anguish, humiliation and fear.

WHEREFORE, pursuant to 42 U.S.C. § 1983, Plaintiff demands judgment against the Defendants for compensatory damages, punitive damages, the costs of this action and attorneys' fees, and any such other and further relief as this Court deems equitable and just.

**COUNT III: 42 U.S.C. § 1983 - Conspiracy to Deprive Constitutional Rights**
**Against All Defendants**

49. Plaintiff realleges each of the foregoing paragraphs as if fully set forth here.

13

50. As described more fully above, the individual Defendants reached an agreement amongst themselves to deprive Plaintiffs of their Constitutional rights, all as described throughout this Complaint.

51. In this manner, Defendants, acting in concert with each other, have conspired by concerted action to accomplish an unlawful purpose by an unlawful means.

52. In furtherance of the conspiracy, each of the co-conspirators committed overt acts and was an otherwise willful participant in joint activity.

53. As a direct and proximate result of the illicit prior agreement referenced above, Plaintiffs' due process rights were violated, and they suffered damages to their person and to their property, severe emotional distress and anguish, and a deprivation of their liberty, as is more fully alleged above.

54. The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of Plaintiffs and others.

55. As a proximate result of the above-detailed actions of Defendants, Plaintiffs were maliciously prosecuted and injured, including severe pain, physical injury, mental suffering, anguish and humiliation and fear.

WHEREFORE, pursuant to 42 U.S.C. § 1983, Plaintiff demands judgment against the Defendants for compensatory damages, punitive damages, the costs of this action and

14

attorneys' fees, and any such other and further relief as this Court deems equitable and just.

### Count IV – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
**Against All Individual Defendants**

56. Plaintiff realleges and re-incorporates all previous paragraphs.

57. Defendants' actions in beating Plaintiff, under the color of law, as set forth above, were extreme and outrageous.

58. Defendants intended to maliciously and willfully cause, and were in reckless disregard to the probability that their conduct would cause, severe emotional distress to Plaintiff.

59. Said actions and conduct did directly and proximately cause Plaintiffs to suffer severe emotional distress.

60. As a direct and proximate result of Defendants' intentional infliction of emotional distress, Plaintiffs suffered significant emotional injuries including mental and emotional damage and trauma, humiliation, damage to his personal reputation, loss of liberty, mental distress and anguish as alleged in this Complaint.

WHEREFORE, Plaintiff demands judgment against the individual defendants jointly and severally for compensatory damages against Defendant Officers and because these Defendants acted maliciously, wantonly, or oppressively, punitive damages, plus the

15

costs of this action and attorney's fees, and such other and additional relief as this court deems equitable and just.

### Count V – DUE PROCESS CLAIM
### Violation of Civil Rights Pursuant to Title 42 U.S.C. §1983
### Against All Individual Defendants

61. Plaintiff re-incorporates and realleges all previous paragraphs.

62. Under 42 U.S.C. §1983, a person who, acting under color of state law, deprive another person of his federal constitutional rights is liable to the injured parties.

63. The Fourteenth Amendment to the United States Constitution, enforceable pursuant to 42 U.S.C. §1983, provides that no state shall deprive any person of life, liberty, or property, without due process of law.

64. Plaintiffs had a liberty interest in being physically secure in their home. Defendant's wrongful conduct violated that liberty interest, as well as Plaintiff's due process rights.

65. As a direct and proximate result of Defendant Officers' constitutional deprivation, Plaintiff suffered ongoing severe pain and physical injuries and damage to their property.  In addition, Plaintiff suffered significant emotional injuries including mental and emotional damage and trauma, humiliation, loss of liberty, mental distress and anguish as alleged in this Complaint and are entitled to relief under 42 U.S.C. §1983.

WHEREFORE, pursuant to 42 U.S.C. §1983, Plaintiff demands judgment against the individual defendants jointly and severally for compensatory damages against Defendant Officers and because these Defendants acted maliciously, wantonly, or oppressively, punitive damages, plus the costs of this action and attorney's fees, and such other and additional relief as this court deems equitable and just.

### Count VI – Indemnity
### Against Lake County and the Lake County Sheriff's Department

66. Plaintiff realleges and re-incorporates all of the allegations in the preceding paragraphs.

67. Defendant Lake County Sheriff's Department is or was the employer of the Defendant Medrano, Defendant Fisher, Defendant Varga, and Defendant Unknown Officers.

68. Defendants committed the acts alleged above under color of law and in the scope of their employment as employees of the Lake County Sheriff's Department.

WHEREFORE, should the Defendant Officers be found liable on the claims set forth above, Plaintiff demands that the Defendant Lake County Sheriff's Department be found liable for any judgment Plaintiff obtains against said Defendants, as well as attorneys' fees and costs awarded.

### Count VII - Indemnity

17

**<u>Against Lakes of the Four Seasons and Lakes of the Four Seasons Public Safety</u>**

**<u>Department</u>**

69. Plaintiff realleges and re-incorporates all of the allegations in the preceding paragraphs.

70. Defendant Lakes of the Four Seasons and Defendant Lakes of the Four Seasons Public Safety Department is or was the employer of the Defendant Officer Green, Defendant Officer Latta, Defendant Officer Hunt and Defendant Officer Phillip.

71. Defendants committed the acts alleged above under color of law and in the scope of their employment as employees of the Defendant Lakes of the Four Seasons and Defendant Lakes of the Four Seasons Public Safety Department.

WHEREFORE, should the Defendant Officers be found liable on the claims set forth above, Plaintiff demands that the Defendant Lakes of the Four Seasons and Defendant Lakes of the Four Seasons Public Safety Department be found liable for any judgment Plaintiff obtains against said Defendants, as well as attorneys' fees and costs awarded.

**<u>Count VIII - State Claim – Battery</u>**
**Against Defendants Medrano, Lake County Sheriff's Department and Lake County**

72. Plaintiff realleges and re-incorporates all of the allegations in the preceding paragraphs.

73. Defendant Medrano used an unreasonable and excessive amount of force against Plaintiff causing significant injuries to the Plaintiff.

74. More specifically, Defendant Officer Medrano shoved and struck Plaintiff about the face and body with his closed fist, in addition to throwing her into a car so violently that he broke her arm.

75. As a direct and proximate result of the malicious actions of the Defendant, the Plaintiff was injured, including sustaining significant physical and emotional injuries, medical bills, loss of freedom, humiliation, embarrassment, the deprivation of her constitutional rights and dignity, anxiety, and extreme emotional distress.

76. The County is sued in this Count pursuant to the doctrine of respondeat superior, in that the Defendant Officers performed the actions complained of while in the employ of Defendant County, and while acting within the scope of his employment.

WHEREFORE, Plaintiff demands judgment against the defendants, Defendant Officers and the County, plus the costs of this action and attorneys' fees, and such other and additional relief as this court deems equitable and just.

19

### COUNT IX - State Claim - Malicious Prosecution

77. Plaintiff realleges and re-incorporates all of the allegations in the preceding paragraphs.

78. In the manner described above, Defendant Officer Medrano and Officer Green violated Klein's constitutional rights, including her right to due process of law and rights under the Fourth and Fourteenth Amendments. Officer Medrano and Officer Green acted maliciously, with intent, or with reckless indifference to Klein's protected rights when they initiated a prosecution of Klein by swearing, under oath, as to falsehoods on a Probable Cause Affidavit. There was no probable cause for the charges brought against Klein. The aforementioned prosecution against Klein terminated in her favor. The Defendant Officers' wrongful actions directly caused Klein to face criminal charges, to require the services of a lawyer, and suffer damage to her reputation and emotional harm.

WHEREFORE, Plaintiff demands judgment against the defendants, Defendant Officers and the County, plus the costs of this action and attorneys' fees, and such other and additional relief as this court deems equitable and just.

### COUNT X - State Claim - Damage to Property

79. Plaintiff realleges and re-incorporates all of the allegations in the preceding paragraphs.

20

80. Defendant Medrano purposely and without justification destroyed the property of the Plaintiffs, including but not limited to Geralyn's furniture and Brandon's car, without due process of law or any other legal justification.

81. The actions of Defendant were the direct and proximate cause of the violations of the Plaintiffs' Fifth and Fourteenth Amendment rights as well as their economic and property damages.

WHEREFORE, pursuant to 42 U.S.C. § 1983, Plaintiff demands compensatory damages against Defendant Medrano, Lake County and the Lake County Sheriffs Department. In addition, because Medrano acted maliciously, wantonly, or oppressively, Plaintiff demands substantial punitive damages, plus the costs of this action, plus attorneys' fees and other and additional relief as this court deems equitable and just.

## COUNT XI - 
### Failure To Provide Timely Medical Attention Section 1983 Claims Against All Defendants

82. Plaintiff realleges and re-incorporates all of the allegations in the preceding paragraphs.

83. This Count is brought pursuant to 42 U.S.C. § 1983 and the Constitution of the United States.

21

84. Defendant Officers committed the following acts and/or omissions in violation of 42 U.S.C. § 1983 and the United States Constitution on September 18, 2016.

    A.  Detained the Plaintiff in her driveway for an unreasonable period of time although she had been assaulted, forcefully handcuffed and thrown into the side of a car, and she informed the Officers that her arm had been broken;

    B.  Refused to transport the Plaintiff to a medical facility although the Plaintiff had been assaulted, forcefully handcuffed and thrown into the side of a car, and she informed the Officers that her arm had been broken;

    C.  d. Failed to contact and secure emergency medical assistance immediately after the Plaintiff had been assaulted, forcefully handcuffed and thrown into the side of a car, and she informed the Officers that her arm had been broken.

85. The aforementioned actions and omissions of Defendant Officers were the direct and proximate cause of the constitutional violations set forth herein.

86. The aforementioned actions of said officer caused the Plaintiff to endure serious injury, pain, anguish and also caused injury to her unborn child.

WHEREFORE, the Plaintiff demands compensatory damages, punitive damages, costs and attorney fees against the Defendants and any further relief this Honorable Court deems fair and just.

**Conclusion**

WHEREFORE, as a result of Defendant Officers' malicious, willful and indifferent deprivation of Plaintiff's constitutional rights and their reckless disregard in the face of their legal duty to Plaintiffs, Geralyn Klein and Brandon Klein suffered severe pain, significant physical injuries, destruction of their property, significant emotional injuries including mental and emotional damage and trauma, humiliation, loss of liberty, mental distress and anguish. Therefore, Plaintiffs' request punitive and compensatory damages in an amount deemed at time of trial to be just, fair, and appropriate.

DATED: September 17, 2018

Jury Trial Demanded

Respectfully Submitted,
s/ Kellie Walters
Attorney for Plaintiffs

23

The Walters Law Firm
350 N. Orleans St., Ste 9000N
Chicago, IL 60654
(312) 428- 5890