UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| GERALYN KLEIN, *et al.*, | ) | |
| --- | --- | --- |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 2:18 CV 349 |
| | ) | |
| COUNTY OF LAKE, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION and ORDER

This matter is before the court on defendant John Buncich's motion to dismiss (DE # 21) and defendants Larry Hunt, John Latta, Craig Philps, and Lakes of the Four Seasons Property Owners Association's motion to dismiss (DE # 40).

## I.   BACKGROUND

The following factual allegations are taken from plaintiffs Geralyn Klein and Brandon Klein's complaint (DE # 1) and are accepted as true for the purpose of resolving the pending motions to dismiss. *See Simpson v. Brown Cty.*, 860 F.3d 1001, 1009 (7th Cir. 2017).

On September 18, 2016, Geralyn and her son Brandon lived in the Lakes of the Four Seasons gated community. (DE # 1 at 6.) That afternoon, Brandon came home, ran through the house, and ran out the back door. (*Id.*) Geralyn locked the door behind him, preventing defendant sheriff deputy Nicholas Medrano from entering the house. (*Id.*) A few minutes later, Geralyn left her house and asked Medrano what was going on. (*Id.*) Medrano told Geralyn that she was under arrest for interfering with police business,

and placed her in handcuffs. (*Id.* at 6-7.) Medrano then slammed Geralyn on top of her car, picked her up, and slammed her on top of her car a second time. (*Id.*) Medrano picked Geralyn up again, walked her down the driveway, and slammed her into Brandon's car twice. (*Id.* at 7-8.) Shortly thereafter, two Lakes of the Four Seasons Security Officers, defendants Kenneth Green and John Latta arrived at the scene. (*Id.* at 9.) Green got out of the car, while Latta remained in the car. (*Id.*) A third Lakes of the Four Seasons Security Officer, defendant Larry Hunt, also arrived at the scene. (*Id.*) Plaintiffs allege that it was clear at this time that Geralyn had been battered. (*Id.*)

Next, Medrano kicked in the door to the Klein's home. (*Id.*) He and Green ransacked the home and destroyed a number of plaintiffs' possessions. (*Id.*)

Some time later, all of the officers made a circle around Geralyn and taunted her when she told them that her arm was broken. (*Id.* at 10.) Someone eventually called her an ambulance and Geralyn was taken to a hospital. (*Id.*)

Plaintiffs' present lawsuit alleges that defendants violated their constitutional rights and Indiana law. Defendant Buncich has filed a motion to dismiss on the basis that: (1) the suit against him in his official capacity as Lake County Sheriff is duplicative of the claims against the Lake County Sheriff's Department; and (2) plaintiffs' complaint fails to state a plausible claim for relief against Buncich. (DE ## 21, 22.) Defendants Latta, Hunt, Philp, and Lakes of the Four Seasons Property Owners Association, Inc. have moved to dismiss plaintiffs' complaint on the basis that: (1) plaintiffs' complaint fails to put them on notice of the claims against them; (2) plaintiffs' complaint fails to

2

state a claim against them; and (3) they are immune from plaintiffs' state law claims under the Indiana Tort Claims Act. (DE ## 40, 41.)

## II. LEGAL STANDARD

Defendants have moved to dismiss plaintiffs' claims under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief may be granted. A judge reviewing a complaint pursuant to Rule 12(b)(6) must construe the allegations in the complaint in the light most favorable to the non-moving party, accept all well-pleaded facts as true, and draw all reasonable inferences in favor of the non-movant. *United States ex rel. Berkowitz v. Automation Aids, Inc.*, 896 F.3d 834, 839 (7th Cir. 2018).

Under the liberal notice-pleading requirements of the Federal Rules of Civil Procedure, the complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "While the federal pleading standard is quite forgiving, . . . the complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ray v. City of Chicago,* 629 F.3d 660, 662-63 (7th Cir. 2011); *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007). A plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). To meet this standard, a complaint does not need detailed factual allegations, but it must go beyond providing "labels and conclusions" and "be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. A complaint must give "enough details about the subject-matter of the

3

case to present a story that holds together." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 404 (7th Cir. 2010). Even if the truth of the facts alleged appears doubtful, and recovery remote or unlikely, the court cannot dismiss a complaint for failure to state a claim if, when the facts pleaded are taken as true, a plaintiff has "nudged their claims across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570.

### III. DISCUSSION

#### A. *Defendant Buncich's Motion to Dismiss*

Plaintiffs sued defendant Buncich, the former Lake County Sheriff, in his official capacity only, as well as separately naming the Lake County Sheriff's Department as a defendant. As Buncich correctly notes, the claims against him are redundant of the claims against the Lake County Sheriff's Department – the real party at interest. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985) ("[A]n official-capacity suit is, in all respects other than name, to be treated as a suit against the entity."). Accordingly, because the Lake County Sheriff's Department is the real party at interest, the claims against Buncich will be dismissed as duplicative. *See Mikulich v. Buncich*, No. 2:18-CV-192, 2019 WL 1014784, at *3 (N.D. Ind. Mar. 4, 2019) (dismissing the claims against Sheriff Buncich in his official capacity as duplicative of the claims against the Lake County Sheriff's Department); *Vargas v. Lake Cty. Police Dep't*, No. 2:14-CV-288, 2017 WL 4303808, at *5 (N.D. Ind. Sept. 28, 2017) (same); *Zencka v. Lake Cty., Indiana*, No. 2:14-CV-371, 2016 WL 2984285, at *2 (N.D. Ind. May 24, 2016) (same); *Dixon v. Buncich*, No. 2:15-CV-458, 2016 WL 2643454, at *3 (N.D. Ind. May 9, 2016) (same).

4

> B. *Defendants Latta, Hunt, Philp, and Lakes of the Four Seasons Property Owners Association's Motion to Dismiss*

Plaintiffs' complaint alleges several claims against Latta, Hunt, Philp, and Lakes of the Four Seasons Property Owners Association (collectively referred to as "defendants" for purposes of this section). Plaintiffs allege that defendants are all liable under 42 U.S.C. § 1983 for conspiracy to deprive plaintiffs of their constitutional rights (Count III) and for denying Geralyn medical care (Count XI). Plaintiffs claim that Latta, Hunt, and Philp are liable under § 1983 for violating their due process rights (Count V) and for intentional infliction of emotional distress in violation of Indiana law (Count IV). Finally, plaintiffs allege that Latta and Hunt are liable under § 1983 for failure to intervene (Count II).

> 1. Notice Pleading

Defendants argue that plaintiffs' complaint fails to meet the pleading standard of Federal Rule of Civil Procedure 8(a)(2) because the complaint does not give them fair notice of plaintiffs' claims.

First, defendants argue that plaintiffs failed to make any factual allegation against Philp or Lakes of the Four Seasons Property Owners Association. (DE # 41 at 4.) Defendants are correct. The only reference the complaint makes to Philp is to allege that he was the director of the Lakes of the Four Seasons Public Safety Department at the time of Geralyn's arrest. (DE # 1 at 5.) There are no other factual allegations directed against Philp, and there is no *respondeat superior* liability under § 1983. *Miller v. Larson*,

5

756 F. App'x 606, 610 (7th Cir. 2018). Moreover, while Indiana law allows for *respondeat superior* liability, such liability attaches to the wrong-doer's employer and here Philp was sued in his individual capacity only. *See Barnett v. Clark*, 889 N.E.2d 281, 283 (Ind. 2008); *Wauchop v. Domino's Pizza, Inc.*, 832 F. Supp. 1572, 1575 (N.D. Ind. 1993) ("Under Indiana law, it is well settled that a corporate stockholder, director, or officer is not personally liable for the torts of the corporation or any of its agents merely because of his or her office or holdings; some additional connection with the tort is required."). No claim against Philp can be reasonably inferred from the allegations in plaintiffs' complaint. Thus, Philp will be dismissed from this case.

Similarly, plaintiffs' only reference to Lakes of the Four Seasons Property Owners Association occurs in the caption of their complaint. A plaintiff cannot state a claim against a defendant by merely including the defendant's name in the caption. *See Collins v. Kibort*, 143 F.3d 331, 335 (7th Cir. 1998). Thus, Lakes of the Four Seasons Property Owners Association will also be dismissed from this case.

Next, defendants argue that the complaint did not sufficiently put them on notice of the claims against Latta and Hunt. Here, however, defendants attempt to hold plaintiffs to a higher pleading standard than is demanded by Rule 8. The Federal Rules of Civil Procedure require a plaintiff to "plead *claims* rather than facts corresponding to the elements of a legal theory." *Chapman v. Yellow Cab Coop.*, 875 F.3d 846, 848 (7th Cir. 2017) (emphasis in original). Rule 8 does not require that the pleadings contain all facts required to ultimately prevail. *Id.* Accordingly, "it is manifestly inappropriate for a

district court to demand that complaints contain all legal elements (or factors) plus facts corresponding to each." *Id.* A plaintiff simply needs to put a defendant on notice of the claims at issue. *Id.*

Here, plaintiffs allege that Latta and Hunt arrived on the scene a few moments after Medrano assaulted Geralyn, but failed to take any action to help her even though it was apparent that she had been battered. (DE # 1 at 9.) Latta and Hunt were also present when Medrano kicked down Geralyn's door and when he and Green ransacked her home. (*Id.*) These defendants also allegedly made a circle around Geralyn, and taunted her while she was on the ground pleading for medical assistance. (*Id.* at 10.) These allegations sufficiently put defendants on notice of the claims against them. "A full description of the facts that will prove the plaintiff's claim comes later, at the summary-judgment stage or in the pretrial order." *Chapman*, 875 F.3d at 848. Plaintiffs' complaint meets the notice-pleading standard of Rule 8 with respect to the claims against Latta and Hunt.

        2.      <u>Failure to State a Claim: Failure to Intervene</u>

Defendants next argue that they are entitled to dismissal because plaintiffs' complaint fails to state a claim. The court will address each of defendants' arguments in turn, beginning with their argument for dismissal of plaintiffs' failure to intervene claim.

Defendants argue that plaintiffs' failure to intervene claim fails to state a cause of action against Latta and Hunt because the complaint states that they arrived *after*

7

Medrano's use of force. (DE # 41 at 4.) In response to defendants' motion to dismiss, plaintiffs clarify that their failure to intervene claim is not limited to Medrano's use of excessive force, but encompasses a claim that Latta and Hunt failed to intervene in *all* of the constitutional violations alleged in the complaint. (DE # 45 at 7-8.)

Plaintiffs are permitted to make this elaboration to the scope of their failure to protect claim. A plaintiff opposing a Rule 12(b)(6) motion to dismiss may elaborate on his factual allegations so long as the new elaborations are consistent with the pleadings. *Geinosky v. City of Chicago*, 675 F.3d 743, n. 1 (7th Cir. 2012). A "'plaintiff need not put all of the essential facts in the complaint' but instead 'may add them by affidavit or brief—even a brief on appeal." *United States ex rel. Hanna v. City of Chicago*, 834 F.3d 775, 779 (7th Cir. 2016) (quoting *Hrubec v. Nat'l R.R. Passenger Corp.*, 981 F.2d 962, 963–64 (7th Cir. 1992)). Moreover, plaintiffs were under no obligation to identify a specific legal theory against Latta and Hunt. *See Hall v. Nalco Co.*, 534 F.3d 644, n. 3 (7th Cir. 2008) ("'[A] complaint need not identify a legal theory, and specifying an incorrect theory is not fatal' to a plaintiff's claim." (quoting *Bartholet v. Reishauer A.G. (Zurich)*, 953 F.2d 1073, 1078 (7th Cir. 1992))). Accordingly, plaintiffs may pursue a claim that defendants failed to intervene in the constitutional violations alleged in their complaint.

### 3. Failure to State a Claim: Conspiracy

Next, defendants rely on *Cooney v. Rossiter*, 583 F.3d 967 (7th Cir. 2009), to argue that plaintiffs failed to meet a heightened pleading standard required in conspiracy claims. This is not quite right. In *Cooney*, the Seventh Circuit found that, in civil

conspiracy claims, "the height of the pleading requirements is relative to circumstances." *Id.* at 971. For example, where there are circumstances such as immunity, complex litigation, or paranoid *pro se* litigation alleging "a vast, encompassing conspiracy," the plaintiff "must meet a high standard of plausibility." *Id.* The latter was at issue in *Cooney*, and the Court affirmed dismissal of the claim on the basis that the complaint was "bereft of any suggestion, beyond a bare conclusion, that the * * * defendants were leagued in a conspiracy[.]" *Id.* The Court's decision in *Cooney* did not alter the pleading standards in conspiracy cases, but tracks the Court's long-held position that, as a practical matter, a civil conspiracy claim "differs from other claims in having a degree of vagueness that makes a bare claim of 'conspiracy' wholly uninformative to the defendant." *Loubser v. Thacker*, 440 F.3d 439, 443 (7th Cir. 2006). Accordingly, while plaintiffs are still held to the minimal pleading standards of Rule 8 – as opposed to the heightened standard in Rule 9 – "courts require the plaintiff to allege the parties, the general purpose, and the approximate date of the conspiracy." *Id.*

Here, unlike in *Cooney*, plaintiffs' complaint is not "bereft" of allegations supporting their conspiracy claim. Plaintiffs complaint identifies the date and participants of the conspiracy, as well as the general purpose of the conspiracy – i.e. to commit or allow for the violation of plaintiffs' constitutional rights during the course of Geralyn's arrest. Plaintiffs also allege facts from which a reasonable inference may be drawn that Latta and Hunt participated in the conspiracy: the officers arrived at the scene where Geralyn was visibly battered and had sustained a broken arm, but refused

9

to help her; they were present when Medrano kicked in the Klein's door and "ransacked" the home; and they circled around Geralyn and taunted and laughed at her when she told them of her injuries. At this early stage of the litigation, these allegations are sufficient. *See Geinosky*, 675 F.3d at 749 ("While the complaint makes only rather conclusory direct allegations of conspiracy, the complaint also alleges a pattern of harassment by several officers over a period of months. It is a challenge to imagine a scenario in which that harassment would not have been the product of a conspiracy."); *Chapman*, 875 F.3d at 848 ("It is enough to plead a plausible claim, after which 'a plaintiff 'receives the benefit of imagination, so long as the hypotheses are consistent with the complaint[.]'" (quoting *Twombly*, 550 U.S. at 563)).

        4.      <u>Failure to State a Claim: Due Process and Denial of Medical Care</u>

Defendants contend that plaintiffs' remaining § 1983 claims (due process, denial of medical care) also fail to state a cause of action. For the reasons already articulated, plaintiffs have pled sufficient factual allegations to put defendants on notice of the claims against them. Plaintiffs need only "illuminate the nature of the claim and allow the defendants to respond[.]" *George v. Smith*, 507 F.3d 605, 608 (7th Cir. 2007). Plaintiffs' allegations meet this threshold.

        5.      <u>Failure to State a Claim: Intentional Infliction of Emotional Distress</u>

Finally, defendants argue that plaintiffs' state law claim for intentional infliction of emotional distress fails to state a claim because: (1) defendants are immune to such a claim under the Indiana Tort Claims Act ("ITCA"); and (2) plaintiffs fail to allege

sufficient facts. (DE # 40 at 7-8.) The latter argument can be summarily disposed of, for the reasons already articulated in this opinion.

The court therefore turns to defendants' immunity argument. Under the ITCA, "[a] governmental entity or an employee acting within the scope of the employee's employment is not liable if a loss results from . . . The adoption and enforcement of or failure to adopt or enforce: (A) a law (including rules and regulations) . . . unless the act of enforcement constitutes false arrest or false imprisonment." Ind. Code § 34-13-3-3(8).

The parties dispute whether Latta and Hunt should be considered government employees under the ITCA. Plaintiffs argue that Latta and Hunt are private security guards who acted at the direction of Medrano, a government employee, but are not themselves governmental employees and therefore are not entitled to immunity. Defendants argue that they are entitled to immunity because the complaint explicitly alleges that Latta and Hunt acted under color of law.

Defendants conflate the requirements for liability under § 1983 and those for immunity under the ITCA. The ITCA limits immunity to government employees. Defendants have not pointed to any case that granted immunity to private security guards or other similar private employees. Moreover, it does not appear that Indiana law would treat defendants as government employees. *See e.g. Lemon v. State*, 868 N.E.2d 1190, 1196 (Ind. Ct. App. 2007) ("[M]erely working as a private security guard does not vest that person with the auspices of being a public servant and a law enforcement officer.") (quoting *Rogers v. State*, 741 N.E.2d 395, 398 (Ind.Ct.App.2000)).

Absolute immunity is an affirmative defense. *Tully v. Barada*, 599 F.3d 591, 594 (7th Cir. 2010). For dismissal based on an affirmative defense at the pleading stage, it was incumbent on defendants to show that they had "an airtight defense" on the face of the complaint. *See Richards v. Mitcheff*, 696 F.3d 635, 637 (7th Cir. 2012). Defendants failed to make such a showing. Therefore, at this stage of the proceedings, the court cannot find that they are entitled to immunity under the ITCA.

IV. **CONCLUSION**

For the foregoing reasons, the court **GRANTS** defendant John Buncich's motion to dismiss (DE # 21). The court **GRANTS IN PART and DENIES IN PART** defendants Larry Hunt, John Latta, Craig Philp, and Lakes of the Four Seasons Property Owners Association Inc.'s motion to dismiss (DE # 40), on the term set forth in this order. The court **DIRECTS** the Clerk to terminate defendants John Buncich, Craig Philp, and Lakes of the Four Seasons Property Owners Association, Inc., from the docket.

                                    **SO ORDERED.**

Date: September 20, 2019

                               s/James T. Moody
                               JUDGE JAMES T. MOODY
                               UNITED STATES DISTRICT COURT