UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| GERALYN KLEIN, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO.: 2:18-CV-349-JTM-JEM |
| | ) | |
| COUNTY OF LAKE, *et al.,* | ) | |
|     Defendants. | ) | |

**OPINION AND ORDER**

This matter is before the Court on Defendant Kenneth Green's Amended Motion for Independent Medical Examination [DE 146] filed on June 15, 2022. Plaintiff responded on June 23, 2022, and on June 30, 2022, Defendant Green filed a reply.

This action involves allegations of a September 18, 2016, assault against Plaintiff by the individual defendants, acting in their official capacities and under color of law. Among other claims, in Count IV of her Amended Complaint Plaintiff seeks damages for intentional infliction of emotional distress, and her expert witness has opined that she suffers from PTSD as a result of the incident at issue. Plaintiff underwent psychiatric testing in February, 2022, and Defendant Green now seeks an order requiring her to undergo psychiatric examination.

Federal Rule of Civil Procedure 35 provides that a court "may order a party whose mental or physical condition . . . is in controversy to submit to a physical or mental examination by a suitably licensed or certified examiner." Fed. R. Civ. P. 35(a)(1). A court may only order an examination "on motion for good cause." Fed. R. Civ. P. 35(a)(2)(A). These two provisions constitute the "in controversy" and "good cause" requirements of Rule 35. *See Schlagenhauf v. Holder*, 379 U.S. 104, 118 (1964). Thus, before a court may compel a party to submit to a mental

1

or physical examination under Rule 35, the movant must demonstrate (1) that the party's mental or physical condition is actually in controversy and (2) that there is good cause for the examination. *Id.* at 118-19.

Defendant Green seeks a psychiatric examination by Dr. Stephen Dinwiddie, of Northwestern University, Feinberg School of Medicine, Department of Psychiatry and Behavioral Sciences. Defendant Green argues that Plaintiff put her mental condition in controversy by seeking damages for infliction of emotion distress and by asserting certain medical conditions, like inability to sleep, eat properly, work, and a diagnosis of PTSD. He argues that there is good cause for Plaintiff's examination by Dr. Dinwiddie, because Dr. Dinwiddie's examination would supplement prior psychiatric testing done by Dr. Michael Brook. Plaintiff does not dispute that she has put her mental condition in controversy in the case but argues that the proposed examination is duplicative of Dr. Brook's testing, a burden on Plaintiff, as she is elderly, and that psychiatric testing "is a serious undertaking for anyone" and will cause her to relive the incident at issue. She does not object to the particular credentials of the identified examiner or argue that he is not suitably licensed or certified to perform the exam in question in this case. Plaintiff argues that her medical records and Dr. Brook's evaluation are sufficient to allow Defendant Green to determine what symptoms were caused or exacerbated by Defendants' alleged conduct.

Demonstrating good cause for an exam requires a movant to make "a greater showing of need than the relevancy already indicated by Rule 26(b) and can be gauged by the ability of the movant to obtain the desired information by other means." *Heath v. Isenegger*, Civil No. 2:10-cv-175, 2011 WL 2610394, at *1 (N.D. Ind. July 1, 2011); *see also Schlagenhauf v. Holder*, 379 U.S. 104, 118 (1964) (holding that the good cause requirement of Rule 35 "require[s] an affirmative

showing by the movant that each condition as to which the examination is sought is really and genuinely in controversy and that good cause exists for ordering each particular examination. . . . [and t]he ability of the movant to obtain the desired information by other means is also relevant").

In this case, Defendant Green has already received Plaintiff's mental health records, her expert witness disclosure, and the results of psychiatric testing conducted by Dr. Brook in February, 2022 and determined that those records are insufficient for Dr. Dinwiddie to prepare a complete report on Plaintiff's mental condition. In particular, Defendant Green describes the difference between the tests performed by Dr. Brook and the full examination that is needed for the expert report. There is no other apparent method of obtaining the information, and Plaintiff does not suggest one. Accordingly, the Court concludes that Defendant Green has shown that Plaintiff's mental health is in controversy and there is good cause for a mental examination to determine which of Plaintiff's symptoms and diagnoses might have been caused by Defendants' alleged actions.

The final requirement of a Rule 35 order is that it "must specify the time, place, manner, conditions, and scope of the examination, as well as the person or persons who will perform it." Fed. R. Civ. P. 35(a)(2)(B). Defendants have indicated that the evaluation will be conducted by Dr. Stephen Dinwiddie, in person at his office, or virtually via Zoom teleconferencing software platform, on July 19, 2022, at 1:00 p.m. (Central Time). Plaintiff has not objected to any of these specific details of the Rule 35 examination but argues that Defendants have not described who else may be at the examination, the scope of the examination, and whether Plaintiff can take breaks. However, Defendants have clearly identified Dr. as the person who will conduct the examination. The time, place, and manner are clearly set forth. The scope is "a clinical psychiatric examination

3

and review" with listed parameters and "the cause of the conditions revealed by the testing . . .the subject's psychiatric history, medical history, symptomology, past treatment, and the response to that treatment . . . and to determine why the subject is at the emotional state they may be in." Def. Br., p. 4-5 [DE 147]. The Court finds that the requirements of Rule 35 as to the conditions and scope of the examination are sufficiently set forth.

For the foregoing reasons, the Court hereby **GRANTS** Defendant Kenneth Green's Amended Motion for Independent Medical Examination [DE 146], and **ORDERS** that on **July 19, 2022, at 1:00 p.m.** (Central Time), or at such other mutually agreeable time on or before **July 30, 2022**, Plaintiff shall be made available for a mental examination by Dr. Stephen Dinwiddie. The examination said shall occur either in person at Dr. Dinwiddie's office, or virtually, as the parties agree. It shall last for at least four hours. The scope shall be as set forth herein. If Plaintiff needs to take breaks during the examination, the time of breaks shall not be included in the four hours.

SO ORDERED this 8th day of July, 2022.

                                           s/ John E. Martin
                                           MAGISTRATE JUDGE JOHN E. MARTIN
                                           UNITED STATES DISTRICT COURT

cc:    All counsel of record